### SOMERVILLE *v.* CITY R. CO. OF POUGHKEEPSIE.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

HORSE AND STREET RAILROADS—NEGLIGENCE—SNOW-PLOW RIDGES.

It is negligence in a street-car company, occupying a street so narrow as not to admit of two teams passing each other on either side of the car track, to throw the snow from its track with a snow-plow so as to cause a ridge of snow on either side of the track so high, when packed down by travel, as to upset a sleigh necessarily going thereon, in turning out to allow a team to pass.

Appeal from Dutchess county court.

Action by Edwin Somerville against the City Railroad Company of Poughkeepsie. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Silas Wodell,* (*Henry M. Taylor,* of counsel,) for appellant. *J. Morschauser,* (*C. Morschauser,* of counsel,) for respondent.

BARNARD, P. J. The action is one in which the plaintiff seeks to recover for injuries sustained in consequence of the negligent act of the defendant. Was neglect upon defendant's part proven? The defendant operates a street railroad, a portion of which is on Main street. The defendant, after a snow-storm, by means of a snow-plow, threw the snow from within its tracks upon that portion of the street outside the tracks. This caused a ridge of snow outside the rails of some two and one-half feet higher than the center of the defendant's track. The use of the street outside of the railroad tracks packs down the snow so that there is a hard, slippery ridge of snow, higher than the street and higher than the railroad. The plaintiff, driving along the street, was, by the slipping of his sleigh on this ridge, upset and injured. The act of the railroad company was extremely careless, and the street was thereby rendered dangerous to those traveling upon it. The street is not wide enough for two teams to safely pass on each side of the defendant's road. One is necessarily crowded upon this ridge, and the result which happened to plaintiff is likely to happen to others similarly placed in the street. Was the plaintiff guilty of neglect which contributed to the injury? The bare statement of the case absolves him from an inference of legal neglect. The question, then, became one for the jury, and their finding is in favor of the plaintiff upon this issue. The evidence supports the finding. The driving part of the street was extremely narrow. The plaintiff met a team, and turned out so as to let this team pass. This forced him upon the ridge of snow made by defendant, and the accident happened because the plaintiff's sleigh slipped

down the incline, and was overturned, and the plaintiff injured. The plaintiff was free from fault, if he exercised due care in the management of his team. The question of fact, whether or not there was a ridge of snow and ice made by defendant, and the extent of the plaintiff's injury, were the subject of contradictory evidence upon the trial. An appellate court is bound by the finding of the jury, unless there be preponderating evidence against the verdict. No such case is presented, and the judgment should be affirmed, with costs. All concur.